WOOD
vs.
BROWN.

|10L 540|
|51 1327|

WOOD vs. BROWN.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST FELICIANA.

When the father and mother are dead, the grandfather is entitled, of right and by law, to the tutorship of the minor children. No supposed aversion of the minors towards him can deprive him of it, that it may be given to a brother of the deceased.

There is no obligation on the party to cause an inventory to be made of the property of the minors, *until* he is appointed and qualified as tutor.

Where there is no tutor appointed by will, the judge of probates is bound to give it to the nearest ascendant relation of the minor, and no family meeting is required.

This suit is instituted, on the part of the plaintiff, to be appointed tutor to certain minors. He alleges he is the grandfather of two minor children, Isaac N. and Thomas G. Brown, whose parents are both dead, and that he is entitled to the tutorship of said minors by law; but that a family meeting had been unnecessarily convoked, and given the tutorship to J. N. Brown, a brother of the deceased. He prays that all these proceedings be disregarded, and the said James N. Brown cited to show cause why the tutorship shall not be given to the petitioner.

The defendant admitted that the plaintiff was the nearest ascendant relation, but that his age and infirmities rendered him incapable to discharge the duties of tutor.

2. That the father of the minors, on his death bed, solemnly requested that his brother should take charge of the persons and property of his children.

3. That the plaintiff has failed to have an inventory taken of the minor's property, within the time prescribed by law. He prays that his application be rejected, and that he be confirmed in his tutorship, &c.

It was admitted that the plaintiff's age was fifty-four years, and the two minors, twelve and six years old. That no inventory or appraisement has yet been caused to be made by the plaintiff, although John Brown, the father, died three months before this suit.

The judge of probates rendered judgment for the plaintiff, appointing him tutor to said minors, from which the defendant appealed.

*Bradford*, for the plaintiff.

*Johnson, contra.*

*Martin, J.*, delivered the opinion of the court.

The defendant is appellant from a judgment, which refuses to him the tutorship of the minor children of his brother, and gives it to the plaintiff, their grandfather. He had been appointed tutor by a family meeting, which the plaintiff alleges was irregularly held, and which the defendant admits to be a nullity. The defendant contended, that letters of tutorship ought not to be given to the plaintiff; 1st. Because his age and infirmities disable him from performing the duties of tutor. 2d. Because the father of the minors solemnly requested that the defendant, his brother, should take charge of his estate, and manifested the greatest aversion to the plaintiff's doing so. 3d. Because the plaintiff neglected to cause an inventory to be made.

I. The testimony shows that the plaintiff is only fifty-four years of age, and there is no evidence of his being infirm.

II. However solemn may have been the request of the minors' father, that the defendant should take care of his estate and of them, it cannot amount to the appointment of the defendant as tutor, because it was not made by will; neither can any evidence of the alleged aversion to the plaintiff, authorize his exclusion from the tutorship.

III. There was no obligation on the plaintiff to cause an inventory to be made, until he was appointed, and had been qualified as a tutor.

*When the father and mother are dead, the grandfather is entitled of right, and by law, to the tutorship of the minor children. No supposed aversion of minors towards him can deprive him of it, that it may be given to a brother of the deceased. There is no obligation on the party to cause an inventory to be made of the property of the minors, until he is appointed and qualified as tutor.*

EASTERN DIST.    There being no tutor appointed by will, it was the duty of
*February*, 1837. the judge of probates to give the tutorship to the nearest as-
KAIN & STROUD  cendant of the minors.    Both their parents being dead, the
*vs.*
COM. BANK.   plaintiff, their grandfather, is entitled to letters of tutorship;

Where there and no family meeting ought to have been called.    *Civil*
is no tutor ap-
pointed by will, *Code*, 281.
the judge of pro-
bates is bound to
give it to the     It is, therefore, ordered, adjudged and decreed, that the
nearest ascend-
ant relation of judgment of the Court of Probates be affirmed, with costs.
the minor, and
no family meet-
ing is required.