No. 13,197.

THE TUTORSHIP OF THE MINOR JESSE H. STANSBROUGH. APPLICATION FOR TUTORSHIP AND OPPOSITION THERETO.

SYLLABUS.

1. ACTION OF THE FAMILY MEETING ANNULLED FOR CAUSE.—Authority is dele-gated to the courts to set aside the action of the family meeting and appoint a tutor, if the physical infirmities of the one recommended for the appoint-ment prevent him from managing his own affairs and those of the minor.

The physical infirmities of the applicant would prevent him from giving the proper care to a child of five years old.

2. JUDGE'S AUTHORITY TO APPOINT MATERNAL GRANDFATHER.—The applicant

for the tutorship, who was appointed, was also a grandfather of the minor; there was no necessity of calling another family meeting. The judge could appoint without its action. (Wood vs. Brown, 10 La., 540.)

ON APPEAL from the Seventh Judicial District Court for the Parish of Madison.   *Montgomery, J.*

*Wade R. Young* for Applicant, Appellant.

*Snyder & Clinton* and *Snyder & Spencer,* for Opponent, Appellee.

Argued and submitted June 1, 1899.
Opinion handed down June 12, 1899.

The opinion of the court was delivered by

BREAUX, J.   This is an appeal by James H. Stansbrough, the paternal grandfather, from the judgment rejecting the action of the family meeting, which had recommended him to be appointed tutor and appointing the maternal grandfather.

Appellant J. M. Stansbrough's grounds for reversing the judgment are:

1. The judge had no authority to set aside the action of the family meeting and appoint a tutor.

2. There was no reason to exclude appellant from the tutorship.

The appellee, Rollins, in his application for the tutorship, gives as a reason for not qualifying, or previously seeking to qualify as tutor: "The property at the death of his son was heavily encumbered with debt, resulting from a litigation in which he (appellant) recovered the property for the minor son, and is now subject to a mortgage which almost equals, he avers, if it does not exceed, the value of the property.

"The maternal relatives having become dissatisfied for that reason, he (appellant) made application for the tutorship."

The maternal grandfather, James D. Rollins, opposing the application of Stansbrough for the tutorship, urged that Mr. Stansbrough is incapacitated by his infirmities from managing his own affairs, and is thereby excluded from the tutorship under Article 302 of the Civil Code; that he suffers from an incurable disease—cancer on the face— is unable to walk, owing to an injury received about a year ago, and requires constant care, attention and nursing.   Besides that, he has interests conflicting with those of the minor.   In addition, that he is not an appellant in good faith, being unable to qualify, and that his

qualifying, if he qualified, would result in preventing a proper administration.

Moreover, he (Rollins, appellee,) shows that he has had the custody and care of the minor, (who is now about five years old), from his birth; that he is the proper person to be appointed to the minor, being the maternal grandfather; the paternal grandfather being incapacitated.

First:    We will not dwell at length upon the infirmities of the sadly afflicted paternal grandfather, who is appellant here, or set forth in great detail why it is that he is physically unable to attend to the duties of a tutor.    He is confined to his room, and most of the time to his bed.

It is satisfactorily shown, we think, that, while his mental faculties are entirely sound, he is physically unable to give that attention to the management of the minor's estate which the present condition of the estate requires.    He is seventy-two years of age.    In his present condition he would be unable to give needful care to a child five years old.

The members of the family meeting who recommended his appointment, at least a majority of them, did not, when they were examined as witnesses on the trial of this case before the District Court, testify that he is capable of taking care of the minor and managing his affairs.    They evidently thought that, by employing some one to assist him, the trust would be properly discharged.    We think, if he is personally too infirm, the possibility of his employing help-would not obviate the objection raised.

"Those whose infirmities prevent them from managing their own affairs," can not be tutors, is the clear provision of the Code.    Article 302.

But this is not all; we have reviewed the evidence of record relating to the present condition of the minor's affairs.    It shows that there are debts which require some attention.    The property has been sold for taxes, and appellant himself after settlement, will owe a balance to his grandson.

"Those who are debtors to a minor are excluded from the tutorship, unless they discharge the debt prior to their appointment."      C. C., 302.

The foregoing is clearly expressed.

While the testimony of the appellant, (Stansbrough) impresses us

as being the testimony of an honorable old gentleman, who would not wrong anyone out of the value of anything, we feel convinced that in the present condition of his business, it is to the interest of all concerned that some settlement should be made, and that his indebtedness to this minor should not be increased.

Taken as a whole, we are confident that it will take active management to save something for the minor, and for that reason particularly, we agree with the Judge of the District Court.

Having arrived at the conclusion that the applicant is excluded by law, we think it follows that the opponent in the District Court and the appellee here should be retained as tutor.

Second: The judge had authority to set aside the action of the family meeting and decree, if the evidence sustained that view, that the applicant was excluded by law.

If his position was correct, it remained only for him to appoint the other applicant.

The maternal grandfather was entitled to the tutorship, and there was no necessity for calling another family meeting. Wood vs. Brown, 10 La., 540.

For reasons assigned, we affirm the judgment of the District Court.